**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sprint Communications Company LP, | No. CV-18-00274-TUC- BGM |
| Plaintiff, | |
| v. | **ORDER** |
| FNF Construction, Inc., | |
| Defendant. | |

Currently pending before the Court is Defendant FNF Construction Inc.'s Motion *in Limine* (Doc. 68) regarding references, evidence, testimony, or instructions concerning liability created under the Arizona Underground Facilities Act ("AUFA"). Plaintiff has filed its response in opposition (Doc. 69).

Plaintiff's Complaint (Doc. 1) alleged causes of action for strict liability, negligence, and trespass. Defendant moved to dismiss the statutory causes of action as well as any liability under the Arizona Underground Facilities Act ("AUFA") because they were time-barred. Def.'s Mot. to Dismiss 3d Claim for Relief (Doc. 33). Pursuant to stipulation by the Parties, the Court dismissed Plaintiff's ThirdClaim for Relief for Strict Liability. Order 10/19/2018 (Doc. 39). Defendant now seeks to preclude Plaintiff from "presenting evidence, testifying, implying, or presenting argument regarding purported liability by FNF for allegedly violating the AUFA because liability under the AUFA is time-barred." Def.'s Mot. in limine (Doc. 68) at 2.

The AUFA provides:

> A person shall not make or begin any excavation in any public street, alley, right-of-way dedicated to the public use or public utility easement or in any express or implied private property utility easement or in any apartment community or mobile home park without first determining whether underground facilities will be encountered, and if so where they are located from each and every underground facilities operator and taking measures for control of the facilities in a careful and prudent manner. For all excavations in an apartment community or mobile home park, the excavator shall inform the landlord as promptly as practical that the excavator intends to submit an inquiry to the landlord that will trigger the landlord's obligations provided by subsection B of this section and the inquiry itself shall be made by certified mail to the landlord, using a form prepared by a one-call notification center. The inquiry to a landlord may be made by a one-call notification center for a reasonable fee to the excavator.

A.R.S. § 40-360.22(A). The Act further provides:

> If any underground facility is damaged by any person in violation of this article as a result of failing to obtain information as to its location, failing to take measures for protection of the facilities or failing to excavate in a careful and prudent manner, the person is liable to the owner of the underground facility for the total cost of the repair of the facility.

A.R.S. § 40-360.26(A). Arizona law sets a one (1) year statute of limitations for all actions "[u]pon a liability created by statute[.]" A.R.S. § 12-541(5). Defendant asserts that "Arizona courts have held that duties of care arising out of statute do, indeed, constitute 'liability created by statute.'" Def.'s Mot. in limine (Doc. 68) at 3 (citing *Jackson v. Pima County*, 767 P.2d 54, 55–56 (Ariz. Ct. App. 1988)). In *Jackson*, however, "[t]he duty to approve plans and issue permits was created by the ordinance and not common law." *Jackson*, 767 P.2d at 56. Here, Plaintiff's negligence claim arises from common law.

In the context of the Arizona Damages Protection Act ("ADPA"), another District of Arizona court has observed that "[a]lthough Arizona courts originally construed the phrase 'liability created by statute' narrowly, . . . more recent cases have held that '[w]hen either a common law or statutory cause of action may be maintained, and the elements of the common law cause of action are different than the elements of the statutory cause of

action different limitations statutes apply to each.'" *MCI Comm. Svcs. v. Contractors West Inc.*, 2016 WL 795861, *2 (D. Ariz. March 1, 2016) (quoting *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 598, 892 P.2d 1375, 1387 (Ariz. Ct. App. 1994)) (alterations in original). The *MCI Communications* court concluded that "[t]he ADPA dispenses with elements of its common law precursors: in contrast to a negligence claim, an ADPA claim need not allege fault, and in contrast to a trespass claim, an ADPA claim need not establish that the excavator's interference with the damaged infrastructure was knowing and intentional." *Id.* at 3 (citing A.R.S. § 40-360.26(A); then citing A.R.S. § 40-360.28(B)).

Defendant FNF acknowledges that Plaintiff's negligence claim is not time-barred; however, asserts that Plaintiff is still "seeking to impose statutory liability onto FNF but is styling it as negligence." Def.'s Mot. in limine (Doc. 68) at 3. Defendant FNF further asserts that Plaintiff "has made several arguments and elicited testimony concerning what is excavation under the AUFA, what damages it is entitled to, and FNF's liability." *Id.* at 5. Plaintiff counters that reference to "careful and prudent" or "carefully" as required in the statute are the negligence standard. Pl.'s Response (Doc. 70) at 4–5. "In the ordinary [Arizona] negligence action, the standard imposed is that of the conduct of a reasonably prudent man under the circumstances." *Bell v. Maricopa Med. Ctr.*, 157 Ariz. 192, 194, 755 P.2d 1180, 1182 (Ct. App. 1988) (citations omitted). On summary judgment in another case involving the severance of a fiber optic cable, the court considered the appropriate common law negligence standard of care as follows:

> At common law, excavators have a duty to inform themselves of the location of underground facilities and to take precautions necessary to avoid those facilities. *Mountain States Tel. & Tel. Co. v. Kelton*, 79 Ariz. 126, 285 P.2d 168 (1955) (citing *Illinois Bell Tel. Co. v. Chas. Ind. Co.*, 3 Ill.App.2d 258, 121 N.E.2d 600 (1954); *GTE north, Inc. v. Carr*, 84 Ohio App.3d 776, 618 N.E.2d 249, 252 (1993); *South Central Bell Tel. Co. v. Sewage & Water Bd.*, 652 So.2d 1090, 1093 (La.App.1995)).
>
> * * *
>
> Similarly, "industry standards can be helpful in establishing the appropriate standard of care." *Nikolov v. Associated Envtl. Servs.*, 52 Fed.Appx. 975, 977 (9th Cir.2002); *see also Southwest Auto Painting and*

*Body Repair, Inc. v. Binsfeld,* 183 Ariz. 444, 904 P.2d 1268, 1272 (Ariz.App.1995) (holding "when a person holds himself out to the public as possessing special knowledge, skill, or expertise, he must perform according to the standard of his profession."). The Telecommunications Industry Association's "Standard for Physical Location and Protection of Below–Ground Fiber–Optic Cable Plant" provides that an excavator should "Provide notice of excavation to all utility owners or to the One–Call notification center" prior to the beginning of any excavation and "[p]rotect and preserve the temporary marking or staking placed by the owner to indicate the location of underground facilities until such markings are no longer needed for safe excavation near the underground facility." CNA Insurance Company's Minimum Damage Prevention Guidelines state that excavators should "[i]nspect the area of proposed excavation to ensure that all utilities have been marked" and "[i]f there are no locates, or if the locates are incomplete, or if exposing indicates the locate marks are not accurate, [the excavator should] not dig, but rather contact the facility owner or the One–Call center." *See* CNA Standards at pp. 1–5, Plaintiff's Exhibit 25. Similarly, U.S. Department of Transportation's Best Practice for avoiding damage to underground facilities during excavation includes: "Prior to excavating, verify that all utilities have been marked and inspect the area for indications of any unmarked facilities."

Accordingly, the standard of care for excavating in the area of utilities includes: making affirmative efforts to discover the location of all underground facilities in advance; notifying the utility owner and/or the One–Call Center (here Blue Stake) of the excavation in advance; ensuring that locate marks are present and preserving them as needed, and; using non-invasive means such as excavation by hand in the vicinity of the facility.

*Sprint Commc'ns Co., L.P. v. W. Innovations, Inc.*, 618 F. Supp. 2d 1101, 1111–12 (D. Ariz.), *on reconsideration in part,* No. CV-06-2064-PHX-ROS, 2009 WL 1458467 (D. Ariz. May 21, 2009), and *supplemented sub nom. Sprint Commc'ns Co. v. W. Innovations, Inc.*, 618 F.Supp.2d 1124 (D. Ariz. 2009). Defendant "FNF asserts the appropriate common law standard of care was explained in *Sprint Commcn's, L.P.*" Joint Pretrial Order (Doc. 69) at 7. The Parties agree that Defendant FNF "was moving dirt near the damage location when it struck the fiber underground optic cable." *Id.* at 6 ¶ 6.

The Court finds citation to the AUFA is inappropriate. The Court further finds that

the standard of care as delineated by the *Sprint Communications* court is appropriate for use in this matter. "Accordingly, the standard of care for excavating in the area of utilities includes: making affirmative efforts to discover the location of all underground facilities in advance; notifying the utility owner and/or the One–Call Center (here Blue Stake) of the excavation in advance; ensuring that locate marks are present and preserving them as needed[;] and[] using non-invasive means such as excavation by hand in the vicinity of the facility." *Sprint Commc'ns Co., L.P. v. W. Innovations, Inc.*, 618 F.Supp.2d at 1112.

IT IS HEREBY ORDERED that Defendant's Motion *in limine* (Doc. 68) is GRANTED.

Dated this 26th day of November, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge